Heard April Term, 1879.

CASE No. 731.

THE CHARLOTTE, COLUMBIA AND AUGUSTA RAILROAD COMPANY v. THOMPSON EARLE AND OWEN SMITH & CO.

While a judge, in an equity cause, may enlighten his conscience by the findings of a jury upon questions of fact submitted to them, the decree should be the conclusions of his own judgment on both law and facts; and a judgment in, such a cause, resting wholly upon the verdict of a jury, is erroneous.

---

Before Carpenter, J., at Richland, February, 1875.

The facts bearing upon the merits of the case are immaterial to a proper understanding of the opinion of the court. It was an action of interpleader, and the issues of facts raised between the defendants were submitted to a jury. The jury found a verdict

in favor of Owen Smith & Co.  On the same day Earle moved for a new trial, and the motion was refused in these words: " That the motion for new trial be and is hereby overruled and refused."

From such refusal, and from the judgment entered up upon the verdict, the defendant, Earle, appealed to this court.

*Mr. J. P. Carroll*, for appellant.

*Mr. F. W. McMaster*, for respondent.

May 5th, 1879.  The opinion of the court was delivered by McIver, A. J.  This was an action in the nature of a bill of interpleader under the old equity practice, and by it the plaintiff sought such relief as was administered only by the Court of Equity before that court was abolished.  It must, therefore, be governed by the rules applying to actions which were formerly cognizable only by a court of equity.  Regarding it in this light this appeal must be determined by the principles announced in the recent case of *Sloan* v. *Westfield*, 11 *S. C.* 445.  It is very true that though this case is concluded by the decision in the case of *Sloan* v. *Westfield*, the practical result reached here is precisely the reverse of the one reached in that case, but this is for the reason that in that case the appeal was only from the order of the Circuit judge refusing the motion of a new trial, while the appeal in this case is not only from such order but also from the final judgment.  It appears from the record, as supplemented by the concessions made at the hearing, that the Circuit judge referred the issues of fact raised between the defendants to a jury for trial, not under an order framing such issues, as is the correct practice, but just as if the case had been an ordinary action at law, and upon their verdict judgment was entered without any hearing by the Circuit judge.  This was clearly erroneous, as has been held in *Flinn* v. *Brown*, 6 *S. C.* 209 ; *Gadsden* v. *Whaley*, 9 *S. C.* 147, and *Sloan* v. *Westfield, supra.*  For, as was said in *Flinn* v. *Brown*, and repeated in *Gadsden* v. *Whaley*, the parties in what is commonly called an equity case have a right to the opinion of the Circuit

judge, notwithstanding his right to refer issues of fact to a jury for the purpose of enlightening his conscience, " but the verdict of the jury is not to be accepted as the conclusion which is to govern and control the case, and through the medium of which the judgment is to be pronounced in favor of one side or the other." The judgment in such a case must be the result of the conclusions of the judge, " both on the law and the facts," and as he, " in forming his conclusions," is not bound by the verdict of the jury, but may wholly disregard it, there is manifestly no necessity for or propriety in a motion for a new trial in such a case.

As it does not appear that the judgment appealed from in this case was upon a hearing by the Circuit judge after the verdict was rendered, but, on the contrary, as was conceded on the argument here, was simply entered upon the verdict as in an ordinary action at law, it cannot be allowed to stand. The consideration of the motion for a new trial cannot be regarded as such hearing, for the Circuit judge in refusing the motion for a new trial might have supposed, and, doubtless, did suppose, that he was not at liberty to disregard the verdict and form his own conclusions, but that he was confined to the inquiry whether the verdict was so manifestly against the weight of evidence as would justify him in exercising the power, given him by statute, of ordering a new trial in an ordinary action at law on the ground of " insufficient evidence."

The judgment of the Circuit Court is set aside, and the case is remanded to the Circuit Court for further proceedings in accordance with the practice herein announced.

Decree set aside.

Willard, C. J., and Haskell, A. J., concurred.